UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUSTIN WILLIAM MCFERRON,

Plaintiff,

v.

BUCKLE and SMITH,

Defendants.

CAUSE NO. 3:25-CV-824-JD-AZ

### OPINION AND ORDER

Austin William McFerron, a prisoner without a lawyer, filed a complaint against Sgt. Smith and Sgt. Buckle alleging they subjected him to excessive force. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McFerron, who is housed at the Westville Correctional Facility, alleges that, on July 11, 2024, between 8:30 and 9:45 a.m., when he was walking to his housing unit—3-Dorm in GSC Complex—he learned that a Security Threat Group had threatened his life and physical safety. ECF 1 at 2. He told his dorm officer about the threat and then proceeded to find Sgt. Smith to report it to her. *Id*.

After locating Sgt. Smith, McFerron told her about the threat to his life and also showed her a document he received from the prison's central office about the threat. *Id*. Sgt. Smith responded to McFerron's discussion with her stating, "No, No, No, We are not doing this today. You are going back to your dorm." *Id*.

Sgt. Smith then handcuffed McFerron and told him that he was being taken to a holding cage in GSC Complex. *Id*. However, as they passed the entrance to 3-Dorm, they were met by the dorm officer, who physically shoved McFerron in the direction of the front door of 3-Dorm. *Id*. McFerron asserts he attempted to resist the dorm officer because being placed back in 3-Dorm meant he would be assaulted by inmates. *Id*. Sgt. Buckle next approached McFerron and assisted other officers who were dragging, shoving, and attempting to force McFerron into the entrance of 3-Dorm. *Id*. at 2-3. At that point, McFerron asserts he was picked up and thrown through the door of 3-Dorm headfirst where he hit a bunk and then the floor, all while he was in mechanical constraints. *Id*. at 3. When he regained consciousness, McFerron asserts inmates were yelling that Sgt. Buckle had kicked, punched, and choked him. *Id*. He states his mechanical restraints had been removed. *Id*.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry

2

of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving McFerron the benefit of the inferences to which he is entitled at this stage of the case, he has stated an Eighth Amendment excessive force claim against Sgt. Buckle.

For these reasons, the court:

(1) GRANTS Austin William McFerron leave to proceed against Sgt. Buckle in his individual capacity for compensatory and punitive damages for using excessive force against McFerron when he dragged, shoved, and attempted to force him into the entrance of 3-Dorm, on July 11, 2024, in violation of the Eighth Amendment;

(2) DISMISSES Sgt. Smith;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Buckle, at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Buckle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 16, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT